# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS WASHAM,** | : | Civil No. 1:16-CV-564 |
| Petitioner, | : | (Chief Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **LAWRENCE MAHALLAY,** | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

### I.  Statement of Facts and of the Case

The petitioner, a state prisoner, filed this habeas corpus petition on April 4, 2016. (Doc. 1)  An initial review of the petition reveals that Washam is challenging aspects of his 1987 state murder conviction and sentence in the Court of Common Pleas of Delaware County. (Id.)  Thus, this petition solely entails issues relating to a state conviction and sentence imposed by a state court in Delaware County, matters which fall within the territorial jurisdiction of the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 118(a).  Because this petition raises matters which relate entirely to a state conviction and sentence in the Eastern District of Pennsylvania, it is recommended that this matter be transferred to the United States District Court for the Eastern District of Pennsylvania for further proceedings.

### II.  Discussion

### A. This Case, Which Involves a Conviction and Sentence in the Eastern District of Pennsylvania, Should be Transferred to the Eastern District of Pennsylvania

In this case, we find that this petition should be transferred to the federal district court in the Eastern District of Pennsylvania, the venue where the petitioner was convicted, and the venue where the state sentence that is the subject of this habeas corpus petition was imposed. For state prisoners like Washam, who seek to contest some aspect of their state sentences, 28 U.S.C. §2241(d) specifies where habeas corpus petitions should be filed, and provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

Thus, state prisoner habeas corpus petitions may be brought in the federal judicial district in which the state court of the conviction is located or, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may also be brought in the district of confinement. See 28 U.S.C. § 2241(d). However, § 2241(d) also provides that the district court for the

district in which the petition is filed may "in furtherance of justice" transfer the petition to the federal district court in which the state court of the conviction is located. 28 U.S.C. § 2241(d). See also Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990).

In this case, the petitioner is a state prisoner who wishes to file a habeas corpus petition with the United States District Court for the Middle District of Pennsylvania challenging a state conviction arising out of a case prosecuted in the Eastern District of Pennsylvania, a conviction and underlying state case which are matters that fall under the territorial jurisdiction of the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. §118(a). Given that this offense, state prosecution, and sentencing all took place in the Eastern District of Pennsylvania, it would be in the interest of justice to transfer this petition to the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 2241(d). See also Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990). Indeed, the United States District Courts for Pennsylvania's three federal judicial districts have customarily transferred petitions of this type to the district of conviction for substantive habeas proceedings. Helfrich v. Coleman, No. 10-958, 2010 WL 1337728 (E.D. Pa. April 6, 2010); McKeever v. McGrady, No. 08-2905, 2008 WL 5101729 (E.D. Pa. Nov. 26, 2008); Fletcher v. Rozum, No. 08-716, 2008 WL 2609826 (W.D. Pa. June 26, 2008); Reinhold v. Rozum, No. 4:CV-07-1997, 2007 WL 4248273 (M.D. Pa. Nov. 30, 2007). This course of action, in turn, is consistent with the guidance of the United States Court of Appeals

for the Third Circuit which has "note[d] that it is quite clear that ordinarily a transfer of a [habeas] proceeding relating to the validity of the petitioner's conviction from the district of confinement to the district of sentencing would be in furtherance of the convenience of the parties and witnesses. See Dorsainvil, 119 F.3d at 249; Meadows, 426 F.2d at 1183 n. 9." In re Nwanze, 242 F.3d 521, 526 n.2 (3d Cir. 2001). Thus, this practice is permitted by statute, is commonplace, is endorsed by the court of appeals, achieves a desirable uniformity of approach among the three districts in the matter of exercising jurisdiction in these cases, and serves the interests of the litigants in those cases where hearings are required.

Finally, we note that an order transferring this case to Eastern District of Pennsylvania for further proceedings also protects the petitioner's rights as a *pro se* litigant. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have his case heard on its merits in the most appropriate forum. See generally, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338.

**III.   Recommendation**

For the foregoing reasons, it is recommended that this case be transferred to the United States District Court for the Eastern District of Pennsylvania for further proceedings pursuant to 28 U.S.C. § 2241(d).

The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 6th day of April, 2016.

                                         */s/ Martin C. Carlson*
                                         Martin C. Carlson
                                         United States Magistrate Judge